C. BRADLEY PATTON, ESQ. (SBN: 67087)
LAW OFFICES OF C. BRADLEY PATTON
1808 Aston Avenue, Suite 240
Carlsbad, CA 92008-7364
Telephone: (760) 438-3636

Attorney for Plaintiff, MARK JUDE ENRIQUEZ

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK JUDE ENRIQUEZ<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ESCONDIDO, OFFICER NATHAN VISCONTI #ES0470; OFFICER THOMAS FIDEL #ES0338; And DOES 1-20,<br><br>Defendants. | CASE NO.: 16-CV-0204-JAH (AGS)<br><br>ACTION FILED: 01/27/16<br><br>**JOINT WRITTEN STATUS REPORT**<br><br>DATE: February 22, 2017<br>TIME: 9:30 a.m.<br>DEPT: Telephonic<br>JUDGE: Hon. Andrew G. Schopler<br><br>TRIAL: NOT SET |

Pursuant to the Court's January 11, 2017, Order Granting Joint Motion To Continue Discovery Dates and Amended Scheduling Order, the parties hereby submit this joint written status report.

**(1) The names of all parties and counsel of record:**

**Plaintiff:** Mark Jude Enriquez.

**Plaintiff's Counsel of Record:**

C. Bradley Patton, Esq., Law Offices of C. Bradley Patton, 1808 Aston Avenue, Suite 240, Carlsbad, CA 92008, (760) 438-3636.

Sean F. Leslie, Esq., Leslie Legal Group, 1808 Aston Avenue, Suite 240, Carlsbad, CA 92008, (760) 579-0380.

**Defendants:** City of Escondido, Officer Nathan Visconti and Officer Thomas Fidel.

**Defendants Counsel of Record:**

Jeffrey R. Epp, City Attorney, Michael R. McGuiness, Asst. City Attorney and Mark P. Bookholder, Dep. City Attorney, Office of the City Attorney, 201 N. Broadway, Escondido, CA 92025, (760) 839-4608.

**(2) The nature of the case, including the legal issues, factual issues, and affirmative defenses:**

***Nature of the Case***

Plaintiff brings federal and state causes of action based on allegations of excessive force during his arrest.

***Factual Background***

On January 27, 2015, the Escondido Police Department ("EPD") received reports of a man in the street of a residential neighborhood wielding a knife. EPD dispatched officers to the scene, including Officers Fidel and Visconti. Officers Fidel and Visconti were the first two officers on scene and the only officers involved in Plaintiff's arrest. During the course of apprehending and arresting[1] Plaintiff, Officer Fidel deployed his police service dog.

***Contentions, Causes of Action, and Affirmative Defenses.***

Plaintiff contends that the deployment and use of the canine was unreasonable and, therefore, violated his Fourth Amendment right against unreasonable seizures. Against Officers Fidel and Visconti, Plaintiff brings 42 U.S.C. § 1983 claims; state law claims for negligence and

---

[1] Plaintiff later pled guilty to a charge under Penal Code § 417(a)(1). Penal Code § 417(a)(1) states the following:

> Every person who, except in self-defense, in the presence of any other person, draws or exhibits any deadly weapon whatsoever, other than a firearm, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a deadly weapon other than a firearm in any fight or quarrel is guilty of a misdemeanor, punishable by imprisonment in a county jail for not less than 30 days.

battery; and a state law claim under California Civil Code § 52.1. Plaintiff is also maintaining a § 1983 claim against the City of Escondido for alleged unlawful policies and procedures.

Defendants deny Plaintiff's allegations. Defendants contend that probable cause existed to apprehend and arrest Plaintiff and that the force used during the course of his arrest was objectively reasonable under the circumstances confronting the Officers. Defendants further contend that all of the causes of action against Officer Visconti, which are all based on the use of the canine, have no merit because he did not deploy the canine, was not a trained canine officer, and had no reasonable opportunity to intercede had it been appropriate to do so. Defendants further contend that Officers Fidel and Visconti are entitled to qualified immunity against Plaintiff's § 1983 claims because the force at issue did not violate clearly established law and officers of reasonable competence could agree (and would agree) that it was reasonable.[1]

**(3) Whether the case is on schedule to meet the deadlines established by the case management order and if not, why not:**

Yes, provided that the parties are able to respond and do respond to discovery requests in a timely manner.

**(4) The status of discovery, including the anticipated scope and length of discovery and all discovery motions or dispositive motions:**

The parties produced documents along with their Rule 26(a)(1)(A), Fed.R.Civ.P., initial disclosures. Plaintiff plans to propound written discovery requests and to schedule depositions of Defendants. Defendants propounded requests for production and interrogatories on November 29, 2016, which were originally due on January 3, 2017. Because Plaintiff's release from prison was delayed from October of 2016 to late January of 2017, Plaintiff's counsel requested an extension of the deadline to respond and Defendants' counsel agreed to a new deadline of February 17, 2017. After receiving those responses, Defendants might propound additional

[1] Defendants maintain other affirmative defenses to the state law claims that are identified in their answer that are not listed herein. Defendants do not intend to waive those defenses by not listing them herein.

written discovery requests, depending on the responses provided and documents produced. Counsel for Defendants plan to depose Plaintiff sometime in March of 2017 and recently requested Plaintiff's and his counsel's availability. Defendants plan to request an agreement from Plaintiff, through his counsel, for a physical examination of Plaintiff's claimed injuries. If the parties are not able to reach an agreement, Defendants will move the Court for an order, pursuant to Rule 35, Fed.R.Civ.P., for Plaintiff to submit to the examination.

Defendants plan to file a motion for summary judgment.

**(5) Any anticipated discovery disputes that may arise in the near future:**

No discovery disputes anticipated.

**(6) Any anticipated discovery motions or dispositive motions:**

A motion for summary judgment.

**(7) Whether any parallel cases exist (including, but not limited to, possible MDL litigation, underlying criminal proceedings, or related litigation):**

No parallel cases currently exist. Plaintiff was criminally charged in connection with the arrest involved in this case and pled guilty under California Penal Code § 417(a)(1); however, that case is not ongoing.

**(8) Whether the parties have discussed settlement. If the parties have discussed settlement, the parties must state the status of those discussions. If the parties have not discussed settlement, the parties must state why not:**

Plaintiff and Defendants have not made settlement offers.

**(9) Whether the parties believe a settlement conference at this time has a reasonable likelihood of reaching a resolution. If not, the parties must state the specific reasons for that belief:**

The parties do not believe that a settlement conference at this time has a reasonable likelihood of reaching a resolution. Defendants are not prepared to make an offer of any monetary value at this time.

**(10) Any significant rulings entered to date:**

None.

**(11) Any additional information the parties believe is relevant to provide the court with a better understanding of the case:**

Defendants' body worn camera video footage has captured this incident.

Dated: February ____, 2017 C. BRADLEY PATTON, ATTORNEY AT LAW

By: **s/ C. Bradley Patton**
C. BRADLEY PATTON
Attorney for Plaintiff
MARK JUDE ENRIQUEZ

Dated: February ____, 2017 SEAN F. LESLIE, ATTORNEY AT LAW

By: **s/ Sean F. Leslie**
SEAN F. LESLIE
Attorney for Plaintiff
MARK JUDE ENRIQUEZ

Dated: February ____, 2017 OFFICE OF THE CITY ATTORNEY
Jeffrey R. Epp, City Attorney
Michael R. McGuiness, Asst. City Attorney

By: **s/ Mark P. Bookholder**
MARK P. BOOKHOLDER
Deputy City Attorney

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern district of California, I certify that the content of this document is acceptable to all above referenced counsel and that I have obtained authorization from each counsel to affix their signatures to this document.

Dated: February ____, 2017 SEAN F. LESLIE, ATTORNEY AT LAW

By: **s/ Sean F. Leslie**
SEAN F. LESLIE
Attorney for Plaintiff
MARK JUDE ENRIQUEZ